This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**

  Plaintiff-Appellee,

v.                                                                    **NO. 32,746**

**YVETTE OTERO,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Vicki W. Zelle, Assistant Appellate Defender, Metro Appeals
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

**{1}** Defendant appeals from the district court's on record review and affirmance of the metropolitan court's denial of Defendant's motion to suppress. This Court issued a calendar notice proposing to affirm the denial of Defendant's motion to suppress. Defendant has filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Defendant contends that there was not reasonable suspicion to support the officer's stop of her vehicle. In this Court's calendar notice, we relied on *State v. Contreras*, 2003-NMCA-129, 134 N.M. 503, 79 P.3d 1111, to propose that the anonymous tip in the present case was sufficiently specific to give rise to reasonable suspicion given the late hour, the tipster's specific location, the lack of other traffic, and the fact that the Mitsubishi had a car traveling directly behind it and the tipster had indicated he was traveling directly behind the suspected drunk driver. [CN 3] We further suggested that, to the extent Defendant was arguing that *Contreras* provided less protection than the federal government provided in *Florida v. J.L.*, 529 U.S. 266 (2000), this Court in *Contreras* considered the applicability of *J.L.* and concluded that the exigency present in drunk driving cases leads to a different result.

**{3}** In Defendant's memorandum in opposition, she takes issue with this Court's assessment of the totality of the circumstances, stating that "[a] reviewing court is to assess the totality of the circumstances in each case to determine whether the possible

danger to the public presents a sufficiently exigent circumstance that tips the balance in favor of the stop." [MIO 6-7] To the extent Defendant continues to rely on *J.L.* in her opposition to this Court's notice of proposed disposition to argue that the tip in this case did not sufficiently demonstrate the tipster's veracity, we again point out that *Contreras* distinguishes *J.L.* based on the exigency that DWI presents. We agree that, in distinguishing *J.L.*, *Contreras* "does not do away with the anonymous tip analysis of credibility and reliability that the Fourth Amendment requires." 2003-NMCA-129, ¶ 21. However, given "the exigency of the possible threat to public safety that a drunk driver poses, New Mexico's grave concern about the dangers of drunk drivers, and the minimal intrusion of a brief investigatory stop," *Contreras* holds that an anonymous call providing information detailed enough for deputies to find the vehicle in question and confirm the description is reasonable under the totality of the circumstances. *Id.* We conclude that the circumstances present in this case satisfy that standard.

{4}    While Defendant argues that the exigency of this case was not great and that the officer could have attempted to corroborate the reported bad driving prior to stopping Defendant, we note that requiring an officer to "expose the suspect and the public to the danger of a drunk driver" in order to corroborate a tip regarding erratic driving is precisely the scenario that *Contreras* is aimed at avoiding. *Id.* ¶ 15. Moreover, it is the exigency of DWI in general, and not the exigency created by a particular driver,

3

that *Contreras* determined gives rise to the exception that predictive information is not required.  To the extent Defendant is asking this Court to reconsider our decision in *Contreras*, we decline to do so.

{5}    For the reasons stated above and in this Court's notice of proposed disposition, we affirm.

{6}    **IT IS SO ORDERED.**


_____
                                        **JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**J. MILES HANISEE, Judge**